JOHN L. BURRIS, Esq., SBN 69888
K. CHIKE ODIWE, Esq., SBN 315109
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:  (510) 839-5200
Facsimile:   (510) 839-3882
john.burris@johnburrislaw.com
chike.odiwe@johnburrislaw.com

Attorneys for Plaintiff
PATRICIA THOMPSON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA THOMPSON, an individual,<br><br>                          Plaintiff,<br><br>      vs.<br><br>CITY OF SACRAMENTO, a municipal corporation; COUNTY OF SACRAMENTO, a municipal corporation; BRIAN MURAWSKI, individually and his official capacity as an officer for the Sacramento Police Department; and DOES 1-100, inclusive, individually and in their official capacities,<br><br>                          Defendants. | CASE NO.: 2:18-at-468<br><br><br>COMPLAINT FOR DAMAGES<br>(42 U.S.C. Section 1983 and pendent tort claims)<br><br>JURY TRIAL DEMANDED |

**INTRODUCTION**

1.      This case arises out of the wrongful force used throughout the course of Patricia

Thompson's arrest on April 10, 2016. Patricia Thompson had her nose and oribital bones broken after

1  she was arrested by officer Brian Murawski of the Sacramento Police department and wrongfully

2  abused by multiple deputies at the Sacramento County Jail.

3      2.      This civil rights action seeks compensatory and punitive damages from Defendants for

4  violating various rights under the United States Constitution and state law in connection with

5  the excessive and unreasonable force used throughout the course of Patricia Thompson's arrest.

6

7  **JURISDICTION**

8      3.      This action arises under Title 42 of the United States Code, § 1983. Title 28 of the

9  United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court.  The unlawful acts and

10  practices alleged herein occurred in the City of Sacramento, County of Sacramento, California, which

11  is within the judicial district of this Court.  This Court also has supplemental jurisdiction over

12  Plaintiff's state law causes of action under 28 U.S.C. § 1367.

13      4.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are

14  believed to reside in this district and all incidents, events, and occurrences giving rise to this action

15  occurred in this district.

16  **PARTIES**

17      5.      Plaintiff PATRICIA THOMPSON (hereinafter "Plaintiff"), has been and is a resident

18  of the state of California and is a United States Citizen.

19      6.      Defendant BRIAN MURAWSKI (hereinafter "Defendant Murawski"), was an officer

20  for the Sacramento Police Department, and is sued individually and in his official capacity.

21      7.      Defendant CITY OF SACRAMENTO (hereinafter "City") is an incorporated public

22  entity duly authorized and existing as such in and under the laws of the State of California; and at all

23  times herein mentioned, Defendant City has possessed the power and authority to adopt policies and

24  prescribe rules, regulations and practices affecting the operation of the Sacramento Police

25  Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant

26  City was the employer of DOES 1 to 50, individually and as a peace officers.

27      8.      Defendant COUNTY OF SACRAMENTO (hereinafter "County") is an incorporated

28  public entity duly authorized and existing as such in and under the laws of the State of California; and

1  at all times herein mentioned, Defendant County has possessed the power and authority to adopt

2  policies and prescribe rules, regulations and practices affecting the operation of the Sacramento

3  County Jail and its tactics, methods, practices, customs and usage. At all relevant times, Defendant

4  County was the employer of DOES 51 to 100, individually and as a peace officers.

5  9.  Plaintiff is ignorant of the true names and capacities of those Defendants named herein

6  as DOES 1 through 25, inclusive. Plaintiff will amend this Complaint to allege said Defendants true

7  names and capacities when that information becomes known to Plaintiff. Plaintiff is informed and

8  believes, and thereon alleges that DOES 1 through 25, inclusive, are legally responsible and liable for

9  the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately

10  caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional,

11  or willful misconduct, including the negligent, careless, deliberately indifferent, intentional, willful

12  misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter

13  set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out

14  of the matters herein alleged. Plaintiff will seek to amend this Complaint to set forth said true names

15  and identities of DOES 1 through 25, inclusive, when they have been ascertained.

16  10.  Plaintiff is ignorant of the true names and capacities of Defendants DOES 26 through

17  50, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff is informed and

18  believes and thereon alleges that each Defendant so named was employed by Defendant City at the

19  time of the conduct alleged herein.  Plaintiff alleges that each of Defendants DOES 26 through 50

20  were responsible for the training, supervision and/or conduct of the police officers and/or agents

21  involved in the conduct alleged herein.  Plaintiff alleges that each of Defendants DOES 26 through 50

22  was also responsible for and caused the acts and injuries alleged herein.  Plaintiff will amend this

23  Complaint to state the names and capacities of DOES 26 through 50, inclusive, when they have been

24  ascertained.

25  11.  Plaintiff is ignorant of the true names and capacities of those Defendants named herein

26  as DOES 51 through 75, inclusive. Plaintiff will amend this Complaint to allege said Defendants true

27  names and capacities when that information becomes known to Plaintiff. Plaintiff is informed and

28  believes, and thereon alleges that DOES 51 through 75, inclusive, are legally responsible and liable

1   for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants

2   proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent,

3   intentional, or willful misconduct, including the negligent, careless, deliberately indifferent,

4   intentional, willful misconduct in creating and otherwise causing the incidents, conditions, and

5   circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or

6   breach of duty arising out of the matters herein alleged. Plaintiff will seek to amend this Complaint to

7   set forth said true names and identities of DOES 1 through 75, inclusive, when they have been

8   ascertained.

9       12.     Plaintiff is ignorant of the true names and capacities of Defendants DOES 76 through

10  100, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff is informed and

11  believes and thereon alleges that each Defendant so named was employed by Defendant County at

12  the time of the conduct alleged herein.  Plaintiff alleges that each of Defendants DOES 76 through

13  100 were responsible for the training, supervision and/or conduct of the deputies and/or agents

14  involved in the conduct alleged herein.  Plaintiff alleges that each of Defendants DOES 76 through

15  100 was also responsible for and caused the acts and injuries alleged herein.  Plaintiff will amend this

16  Complaint to state the names and capacities of DOES 76 through 100, inclusive, when they have

17  been ascertained.

18                        **GENERAL ALLEGATIONS**

19      13.     On April 10, 2016, at around 10:30 p.m., Plaintiff was driving down Stockton

20  Boulevard in Sacramento, California. At the time, Plaintiff was driving the new 2003 BMW 745 that

21  she had recently purchased for her son. As Plaintiff pulled up to a traffic light she saw a police car in

22  front of her. Plaintiff attempted to activate her right blinker to signal that she was changing lanes.

23  However, Plaintiff accidentally activated her windshield wipers. While stopped at the light, Plaintiff

24  attempted to deactivate the windshield wipers. As the light turned green, Plaintiff drove toward the

25  Arco gas station located at 5399 Fruitridge. Defendant Murawski followed Plaintiff into the Arco gas

26  station.

27      14.     Defendant Murawski approached Plaintiff's car on foot and ordered her to turn off the

28  car. Plaintiff complied. Defendant Murawski then ordered Plaintiff to get out of her car. Defendant

Murawski conducted a terry pat search of Plaintiff. The officers on the scene then escorted Plaintiff towards a patrol car on the scene. Defendant Murawski then commanded Plaintiff to enter the vehicle. Plaintiff reacted by telling Defendant Murawski that she was afraid to enter the car. Defendant Murwaski then grabbed Plaintiff's hair and led her to the patrol car. Without cause or legal justification, Defendant Murawski slammed Plaintiff face first into the frame of the patrol car multiple times, breaking her nose and the orbital around her eye in the process. Plaintiff's nose started to bleed profusely. Without regard, Defendant Murawski then forcefully pushed Plaintiff into the back of the patrol car. Plaintiff lost consciousness in the back of the patrol car as a result of her injuries.

15.     At Around 12:00 a.m., Plaintiff was transported to the Sacramento County Jail, where three DOE defendant deputies arrived in the lobby of the jail. The DOE defendants positioned themselves in front of Plaintiff, behind Plaintiff, and to the side of Plaintiff. The unidentified deputy in front of Plaintiff proceeded to rip Plaintiff's hair out of her head, the deputy to the right of Plaintiff yanked Plaintiff's arm to forcefully remove her wedding ring, and the deputy who was standing behind Plaintiff forcefully grabbed onto her neck. The three DOE defendants then walked Plaintiff over to a jail cell. An unidentified deputy ordered Plaintiff to get on the ground. Plaintiff questioned why she had to get on the ground. The unidentified deputy yelled at Plaintiff and commanded her to get on the ground again. Without cause, an unidentified deputy arrived and kneed Plaintiff in her back then forcefully pushed her on the ground, breaking her cheekbone in the process.

16.     Plaintiff also suffered extreme psychological distress and injury as a result of this ordeal. Plaintiff suffered and still suffers symptoms including but not limited to fear, trauma, anxiety, stress, depression, humiliation, and emotional distress as a result of the incident.

17.     The actions and omissions of City, County, and the DOE Defendants was objectively unreasonable under the circumstances, without legal justification or other legal right, done under color of law, within the course and scope of their employment as law enforcement officers and/or public officials, and pursuant to unconstitutional customs, policies and procedures of City, County, and/or other jurisdictions.

18.     Plaintiff is informed and believes and thereon alleges that City and DOES 26 through 50, inclusive, breached their duty of care to the public in that they have failed to discipline DOES 1 through 25. Their failure to discipline DOES 1 through 25 inclusive, demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference the making of improper detentions and arrests, the use of excessive force and the fabrication of official reports to cover up DOES 1 through 25's inclusive, misconduct.

19.     Plaintiff is informed and believes and thereon alleges that members of the Sacramento Police Department, including, but not limited to DOES 1 through 25 and/or each of them, have individually and/or while acting in concert with one another, engaged in a repeated pattern and practice of using excessive, arbitrary and/or unreasonable force against individuals, including, but not limited to Plaintiff.

20.     Plaintiff is informed and believes and thereon alleges that County and DOES 76 through 100, inclusive, breached their duty of care to the public in that they have failed to discipline DOES 51 through 75. Their failure to discipline DOES 51 through 75 inclusive, demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference the making of improper detentions and arrests, the use of excessive force and the fabrication of official reports to cover up DOES 51 through 75's inclusive, misconduct.

21.     Plaintiff is informed and believes and thereon alleges that members of the Sacramento County Jail, including, but not limited to DOES 51 through 76 and/or each of them, have individually and/or while acting in concert with one another, engaged in a repeated pattern and practice of using excessive, arbitrary and/or unreasonable force against individuals, including, but not limited to Plaintiff.

22.     Plaintiff is informed and believes and thereon alleges that City knew or had reason to know by way of actual or constructive notice of the aforementioned policy, culture, pattern and/or practice and the complained of conduct and resultant injuries/violations.

23.     Plaintiff is informed and believes and thereon alleges that County knew or had reason to know by way of actual or constructive notice of the aforementioned policy, culture, pattern and/or practice and the complained of conduct and resultant injuries/violations.

24.     At all material times, and alternatively, the actions and omissions of each Defendant was conscience-shocking, reckless, deliberately indifferent to Plaintiff's rights, negligent, and objectively unreasonable.

## DAMAGES

25.     As a consequence of Defendants' violations of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the First and Fourth Amendment, Plaintiff was physically, mentally, emotionally, and financially injured and damaged as a proximate result of Defendants' wrongful conduct.

26.     Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law.  Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that he is the prevailing parties in this action under 42 U.S.C. §§ 1983 and 1988.  Plaintiff is also entitled to punitive damages under 42 U.S.C. §§ 1983 and 1988.

## FIRST CAUSE OF ACTION
### (42 U.S.C. Section 1983)
### (Violation of the Fourth Amendment of the United States Constitution-Unlawful Seizure)
### (Against Defendants Murawski and DOES 1-25)

27.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 26 of this Complaint.

28.     Defendants' above-described conduct violated Plaintiff's right as provided for under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures because Defendants' lacked the requisite probable cause to arrest Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (42 U.S.C. Section 1983)
### (Violation of the Fourth Amendment of the United States Constitution-Excessive Force)
### (Against Defendants Murawski, DOES 1-25, and DOES 51-75)

29.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 28 of this Complaint.

30.     42 U.S.C. § 1983 provides in part "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit at equity, or other proper proceeding for redress."

31.     Plaintiff had a firmly established right under the Fourth Amendment to be free from official infliction of physical abuse, assault, battery, and intentional infliction of emotional distress, unreasonable search and seizure, and to be free from excessive force being used against him.

32.     Defendants' actions as described herein resulted in the deprivation of these constitutional rights.

33.     Defendants, acting in the performance of their official duties, used excessive force against Plaintiff.

34.     On April 10, 2016, Plaintiff posed no threat when Defendant Murawski seized and used excessive force on Plaintiff.

35.     The use of force in slamming Plaintiff's face into a patrol car multiple times was unnecessary, unreasonable, and excessive, and constituted unreasonable search and seizure.

36.     Further the force by County deputies in ripping out Plaintiff's hair, twisting her arm, and slamming her face first into the ground was unnecessary, unreasonable, and excessive, and constituted unreasonable search and seizure.

37.     Defendants, acting under the color of statute, ordinances, regulations, customs and usages of the State, knew that the use of force in these circumstances was illegal under clearly established law.

38.     The conduct alleged herein caused Plaintiff to be deprived of her civil rights that are protected under the United States Constitution. The conduct alleged herein has also legally, proximately, foreseeably, and actually caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

39.     The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
**(42 U.S.C. Section 1983)**
**(Violation of the First Amendment of the United States Constitution-Questioning Police Action)**
**(Against Defendants Murawski, DOES 1-25, and DOES 51-75)**

40.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 39 of this Complaint.

41.     At all times relevant herein, Plaintiff had a right to free speech and to protest police action as afforded and provided by the First Amendment and protected against retaliation by the same and 42 U.S.C. § 1983.

42.     Upon information and belief, Defendants chose to use and/or used excessive force against Plaintiff in retaliation for Plaintiff's exercising of her right to protest police action, liberty and free movement.

43.     The conduct of Defendants was willful, wanton, malicious, and with reckless disregard for the rights and safety of Plaintiff.

44.     As a result of their misconduct, Defendants are liable for Plaintiff's physical, mental, and emotional injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
**(42 U.S.C. Section 1983)**
**(Violation of the Fourth Amendment of the United States Constitution-Denial of Medical Care)**
**(Against Defendants Murawski, DOES 1-25, and DOES 51-75)**

45.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 44 of this Complaint.

46.      Defendants refused to timely summon medical care for Plaintiff thereby implicitly insisting that Plaintiff cruelly continue to suffer mental, physical and emotional pain.

47.     The denial of medical care by Defendants deprived Plaintiff of her right to be secure in her person against unreasonable searches and seizures and to receive medical care as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

48.     As a result of the foregoing, Plaintiff suffered and continues to suffer great physical pain and emotional distress, including loss of wages and earning capacity.

49.     Defendants knew that failure to provide timely medical treatment to Plaintiff could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing Plaintiff great bodily harm.

50.     The conduct of Defendants was willful, wanton, malicious, and with reckless disregard for the rights and safety of Plaintiff.

51.     As a result of their misconduct, Defendants are liable for Plaintiff's physical, mental, and emotional injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
**(42 U.S.C. Section 1983)**
**(Monell - Municipal Liability for Unconstitutional Custom or Policy)**
**(Against Defendants City and DOES 26-50)**

52.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 51 of this Complaint.

53.     On information and belief Defendants' DOES 1-25 conduct, individually and as peace officers was ratified by City's police department supervisorial officers DOES 26-50.

54.     On information and belief, Defendants were not disciplined for their use of excessive force against Plaintiff.

55.     On and for some time prior to April 10, 2016, (and continuing to the present day) Defendants, individually and as peace officers, deprived Plaintiff of the rights and liberties secured to her by the First and Fourth Amendments to the United States Constitution, in that said defendants and

their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

a. Employing and retaining as police officers and other personnel, including Defendants, individually and as peace officers; who at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written City Police Department policies, including the use of excessive force, respect for the First Amendment, and permitting access to medical care;

b. Of inadequately supervising, training, controlling, assigning, and disciplining City Police officers, and other personnel, including Defendants who City knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force and denying access to medical care;

c. By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants who are Police Officers of City;

d. By failing to discipline City Police Officers' conduct, including but not limited to, unlawful seizures, excessive force, denying access to medical care, and violations of the First Amendment;

e. By ratifying the intentional misconduct of Defendants and other officers who are Police Officers of City;

f. By having and maintaining an unconstitutional policy, custom and practice of arresting individuals without probable cause or reasonable suspicion, and using excessive force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs and practices of Defendants were done with a deliberate indifference to individuals' safety and rights; and

g.  By failing to properly investigate claims of unlawful seizures and excessive force by City Police Officers.

56.     By reason of the aforementioned policies and practices of Defendants, individually and as peace officers, Plaintiff was severely injured and subjected to pain and suffering for which Plaintiff is entitled to recover damages.

57.     Defendants, individually and as peace officers, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff and other individuals similarly situated.

58.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants, individually and as peace officers; acted with an intentional, reckless, and callous disregard for the rights of Plaintiff.  Each of their actions was willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

59.     Furthermore, the policies practices, and customs implemented and maintained and still tolerated by Defendants, individually and as peace officers; were affirmatively linked to and were significantly influential force behind the injuries of Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.


**SIXTH CAUSE OF ACTION**
**(42 U.S.C. Section 1983)**
**(Monell - Municipal Liability for Unconstitutional Custom or Policy)**
**(Against Defendants County and DOES 76-100)**

60.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 59 of this Complaint.

61.     On information and belief Defendants' DOES 51-75 conduct, individually and as peace officers was ratified by County's supervisorial officers DOES 76-100.

62.    On information and belief, Defendants were not disciplined for their use of excessive force against Plaintiff.

63.    On and for some time prior to April 10, 2016, (and continuing to the present day) Defendants, individually and as peace officers, deprived Plaintiff of the rights and liberties secured to her by the First and Fourth Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

      a.   Employing and retaining as peace officers and other personnel, including Defendants, individually and as peace officers; who at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written County policies, including the use of excessive force, respect for the First Amendment, and permitting access to medical care;

      b.   Of inadequately supervising, training, controlling, assigning, and disciplining County deputies, and other personnel, including Defendants who County knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force and denying access to medical care;

      c.   By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants who are agents of County;

      d.   By failing to discipline County deputies' conduct, including but not limited to, excessive force, denying access to medical care, and violations of the First Amendment;

      e.   By ratifying the intentional misconduct of Defendants and other officers who are deputies of County;

64.     By reason of the aforementioned policies and practices of Defendants, individually and as peace officers, Plaintiff was severely injured and subjected to pain and suffering for which Plaintiff is entitled to recover damages.

65.     Defendants, individually and as peace officers, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff and other individuals similarly situated.

66.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants, individually and as peace officers; acted with an intentional, reckless, and callous disregard for the rights of Plaintiff.  Each of their actions was willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

67.     Furthermore, the policies practices, and customs implemented and maintained and still tolerated by Defendants, individually and as peace officers; were affirmatively linked to and were significantly influential force behind the injuries of Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

68.     Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1.     For general damages in a sum according to proof;

2.     For special damages in a sum according to proof;

3.      For punitive damages in a sum according to proof as to Defendants Murawski, DOES 1-25, and DOES 51-75;

4.      For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

5.      For any and all statutory damages allowed by law;

6.      For cost of suit herein incurred; and

7.      For such other and further relief as the Court deems just and proper.

**Law Offices of John L. Burris**

Dated:  April 5, 2018                    __/s/ *John L. Burris*_____

                                        John L. Burris Esq.,
                                        Attorney for Plaintiff