UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA THOMPSON, an individual,<br><br>  Plaintiff,<br><br>vs.<br><br>CITY OF SACRAMENTO, a municipal corporation; COUNTY OF SACRAMENTO, a municipal corporation; BRIAN MURAWSKI, individually and his official capacity as an officer for the Sacramento Police Department; and DOES 1-100, inclusive, individually and in their official capacities,<br>Defendants.<br><br>  Defendants. | Case No. 2:18-cv-00806-KJM-DB<br><br>**EVIDENTIARY PRESERVATION ORDER** |

The Court enters the following evidence preservation order:

A. The Court reminds all parties of their duty to preserve evidence that may be relevant to this action. The duty extends to documents, data and tangible things in the possession, custody and control of the parties to this action, and any employees, agents, contractors, carriers, bailees or other non-parties who possess materials reasonably anticipated to be subject to discovery in this action. Counsel are under an obligation to exercise efforts to identify and notify such non-parties, including employees of corporate or institutional parties.

B. Documents, data and tangible things" is to be interpreted broadly to include writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voicemail, e-mail, telephone message records or logs, computer and network activity logs, hard drives, backup data, removable computer storage media such as tapes, disks and cards, printouts, document image files, web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, checks, statements, worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations, drawings, films, digital or chemical process photographs, video, phonographic, tape or digital recordings or transcripts thereof, drafts, jottings and notes. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices and metadata, is also included in this definition.

C. "Preservation" is to be interpreted broadly to accomplish the goal of maintaining the integrity of all documents, data and tangible things reasonably anticipated to be subject to discovery under FRCP 26, 45 and 56(e) in this action. Preservation includes taking reasonable steps to prevent the partial or full destruction, alteration, testing, deletion, shredding, incineration, wiping, relocation, migration, theft, or mutation of such material, as well as negligent or intentional handling that would make material incomplete or inaccessible.

D. This order extends to information potentially relevant to or reasonably anticipated to be subject to discovery under the currently operative Complaint in this case (ECF No.1) and any subsequent amended complaints. For the purposes of clarity, the key allegations of the current complaint with regard to evidence preservation are:

*14. Defendant Murawski approached Plaintiff's car on foot and ordered her to turn off the car. Plaintiff complied. Defendant Murawski then ordered Plaintiff to get out of her car. Defendant Murawski conducted a terry pat search of Plaintiff. The officers on the scene then escorted Plaintiff towards a patrol car on the scene. Defendant Murawski then commanded Plaintiff to enter the vehicle. Plaintiff reacted by telling Defendant Murawski that she was afraid to enter the car. Defendant Murwaski then grabbed Plaintiff's hair and led her to the patrol car. Without cause or legal justification, Defendant Murawski slammed Plaintiff face first into the frame of the patrol car multiple times, breaking her nose and the orbital around her eye in the process. Plaintiff's nose started to bleed profusely. Without regard, Defendant Murawski then forcefully pushed Plaintiff into the back of the patrol car. Plaintiff lost consciousness in the back of the patrol car as a result of her injuries.*

*15. At Around 12:00 a.m., Plaintiff was transported to the Sacramento County Jail, where three DOE defendant deputies arrived in the lobby of the jail. The DOE defendants positioned themselves in front of Plaintiff, behind Plaintiff, and to the side of Plaintiff. The unidentified deputy in front of Plaintiff proceeded to rip Plaintiff's hair out of her head, the deputy to the right of Plaintiff yanked Plaintiff's arm to forcefully remove her wedding ring, and the deputy who was standing behind Plaintiff forcefully grabbed onto her neck. The three DOE defendants then walked Plaintiff over to a jail cell. An unidentified deputy ordered Plaintiff to get on the ground. Plaintiff questioned why she had to get on the ground. The unidentified deputy yelled at Plaintiff and commanded her to get on the ground again. Without cause, an unidentified deputy arrived and kneed Plaintiff in her back then forcefully pushed her on the ground, breaking her cheekbone in the process.*

Pursuant to the above referenced allegations, this Order extends to documents, data and tangible things at issue with regard to Plaintiff's arrest by Defendant Murawski and subsequent detention at the Sacramento County Jail.

**IT IS SO ORDERED.**

DATED: September 6, 2018.

UNITED STATES DISTRICT JUDGE